**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0033-23

DONALD MUENZER,

    Plaintiff-Appellant,

v.

MARIE NASTASI,

    Defendant-Respondent.

_____

Submitted June 5, 2024 – Decided July 16, 2024

Before Judges Currier and Firko.

On appeal from the Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No. C-000025-23.

Keith S. Barnett, PC, attorneys for appellant (Keith S. Barnett, on the briefs).

Robert Carter Pierce, attorneys for respondent (Jeff Thakker, of counsel and on the brief; Robert Carter Pierce, on the brief).

PER CURIAM

The parties own a condominium and boat slip together as tenants in common. After their relationship ended, they decided to sell the property. Although they received several offers from prospective buyers, each party then determined they wanted to buy out the other's interest. Plaintiff moved for declaratory relief to compel defendant to sell him her fifty percent interest. The court ordered partition of the property and sale to the highest bidder. Plaintiff appeals from the April 28, 2023 order. We affirm.

When the parties acquired the condominium in September 2021, they both lived in it as their primary residence and equally shared in the mortgage payments and all carrying costs. The relationship ended less than a year later, and although the parties continued to both live in the condominium, they listed it for sale in May 2022. They lowered the price several times and received multiple offers but did not accept any of them. The listing expired in September 2022.

The parties then entered a real estate agreement with a second real estate agent providing for a four percent commission if the agent sold the property by March 31, 2023. The agreement also stated: "No commission is due if either seller buys the other out."

2                                                    A-0033-23

Over the next several months, the parties made offers and counteroffers to each other to buy the property. They also had offers from third parties which they did not accept.

On February 7, 2023, plaintiff filed a verified complaint and order to show cause (OTSC) seeking partition of the property and declaratory relief. Defendant's opposition papers were due March 31, 2023. In an April 4, 2023 certification, defendant stated that because she had been unable to find another residence, she was now offering the market value of the property minus the four percent commission. This was $1,000 more than the most recent third-party offer. Plaintiff's last offer prior to the submission of the OTSC was lower.

During oral arguments on April 28, 2023, the court framed the issue and asked questions of both counsel. Both parties wanted to buy the property. In addition, counsel stated the parties agreed to an order of partition.

The judge stated he intended to order partition of the property, and the party that offered the highest price would buy out the other's interest. The judge advised he was not ordering defendant to sell the property, as requested by plaintiff, because she was permitted to change her mind regarding her intentions. The judge further stated that each party would have ten days to decide if they wanted to match or outbid the other party's offer. The court entered an order on

A-0033-23

April 28, 2023, ordering the partition and sale of the property to the highest bidder. The court denied plaintiff's subsequent motion for reconsideration.

On appeal, plaintiff contends the court failed to entertain oral argument and to articulate specific findings of facts and conclusions of law. In addition, the court erred in considering defendant's April 4, 2023 sur-reply certification.[1] We see no merit to these contentions and discern no reason to disturb the court's order.

Plaintiff does not challenge the order for partition; indeed, plaintiff sought that relief in the OTSC and both counsel agreed that was the proper recourse. He asserts the court erred in not compelling defendant to sell him her interest in the property. However, he proffers no meritorious reasons to support his position.

Oral argument took place, as evidenced by plaintiff's filing of the transcript of the proceedings. Plaintiff's counsel was present and vigorously argued plaintiff's position. The court evidenced its knowledge of the facts and asked both counsel questions. When the court advised it intended to order the partition of the property, counsel agreed.

---

[1] Plaintiff does not appeal from the denial of the motion for reconsideration.

A-0033-23

The court also advised it was not compelling defendant to sell her interest because she and defendant were equally entitled to make offers. The trial court stated the parties owned the property equally "and the highest and best price is really what [they] . . . should abide by." Therefore, the court provided its reasons for denying plaintiff's requested relief of declaratory judgment.

The court did not abuse its discretion in considering defendant's April 4, 2023 certification. In the Chancery Division's scheduling order, defendant had until March 31, 2023 to file responsive papers. Plaintiff was permitted to reply to the submission. Although defendant's certification was not filed until April 5, the hearing did not take place until April 28. There was ample time for plaintiff to respond to the certification. Moreover, plaintiff did not object to the submission. The court did not abuse its discretion in considering the April 4 certification.

After considering the submissions and counsel's arguments, the court ordered a logical, reasonable, commonplace solution. N.J.S.A. 2A:56-2 authorizes a partition by sale. The court determined the property would be sold to the party who presented the highest bid. Each party would have an opportunity to match and outbid the other. "[T]he 'manner in which partition is effected' is within the discretion of the court." Greco v. Greco, 160 N.J. Super.

A-0033-23

98, 102 (App. Div. 1978) (quoting <u>Newman v. Chase</u>, 70 N.J. 254, 263 (1976)). Remedies include "a forced sale of the property and division of the net proceeds between the parties." <u>Mitchell v. Oksienik</u>, 380 N.J. Super. 119, 128 (App. Div. 2005). We can see no more simple and fair resolution to this uncomplicated issue.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0033-23